# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**THOMAS GLASS, JR.,**

    Petitioner,

v.               Case No. 14-cv-1306

**SCOTT ECKSTEIN, Warden,**
**Green Bay Correctional Institution,**

    Respondent.

___

## DECISION AND ORDER

  Thomas Glass, Jr. has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges 12 separate grounds[1] for federal habeas relief, most of which respondent argues petitioner has failed to exhaust in state court. I now address whether petitioner has exhausted his claims in state court as well as a couple of motions petitioner has filed.

  In December 2010, petitioner was convicted of one count of second-degree sexual assault with use of force, in violation of Wis. Stat. § 940.225(2)(a) after a jury trial in Fond du Lac County Circuit Court. Petitioner was sentenced to 20 years of initial confinement and ten years of extended supervision and is currently incarcerated at Green Bay Correctional Institution. Petitioner filed a post-conviction motion arguing that his trial counsel was ineffective for failing to raise inconsistencies in the victim's

___

[1] Petitioner lists his federal claims as the following: (1) sufficiency of the evidence, (2) state failed to meet its burden/did not prove all elements, (3) judicial bias, (4) prosecutorial misconduct, (5) double jeopardy related to inclusion of a lesser-included offense, (6) his counsel's failure to independently test evidence, (7) erroneous jury instructions, (8) shackled in court, (9) knowingly presented perjured/false testimony, (10) use of contradictory reports at trial, (11) existence of reasonable doubt/juror doubt, and (12) ineffective assistance of trial and appellate counsel. Pet. at 3 (ECF No. 1).

numerous statements and for failing to argue these inconsistencies to the jury. The trial court denied petitioner's post-conviction motion after a hearing, and petitioner appealed to the Wisconsin Court of Appeals, again only raising the ineffective assistance of counsel claim for failure to elicit and argue inconsistencies in the victim's statements. On July 2, 2014, the appellate court denied petitioner's appeal, Resp. Ex. 5 (ECF No. 11-5), and petitioner's counsel petitioned the Wisconsin Supreme Court for review of petitioner's ineffective assistance of trial counsel claim. Resp. Ex. 6 (ECF No. 11-6). However, petitioner also filed a pro se petition for review before the supreme court raising numerous other claims.[2] Resp. Ex. 8 (ECF No. 11-8). The supreme court sought clarification as to which petition for review to consider, and petitioner notified the court that he was electing to proceed pro se and wanted his pro se petition considered. Resp. Ex. 10 (ECF No. 11-10). The supreme court denied review. Resp. Ex. 13 (ECF No. 11-13).

Respondent argues that petitioner has failed to exhaust all of his claims except for the ineffective assistance of counsel claim raised in his post-conviction motion and his appeal to the Wisconsin Court of Appeals. Before I may address any of petitioner's claims, he must have exhausted them at the state level. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). To exhaust a federal claim, a petitioner must "fairly present" it to all levels of the state judiciary. *Id.*; *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). To satisfy this requirement, plaintiff must present both operative facts and the legal

---

[2] Eleven of the twelve grounds in petitioner's federal habeas petition are claims first raised in this pro se petition for review. The twelfth ground is the original ineffective assistance of trial counsel claim for failure to elicit and argue inconsistencies in the victim's statements.

principles that control each claim to each state court. *Bolton v. Akpore*, 730 F.3d 685, 694–95 (7th Cir. 2013).

In this case, it is clear that the only claim petitioner fairly presented to all levels of the Wisconsin judiciary was his ineffective assistance of trial counsel claim for failure to elicit and argue inconsistencies in the victim's statements. The other eleven grounds petitioner raises in his federal habeas petition were first raised at the supreme court level, which denied review of these claims. They were not raised at the trial court or appeals court levels, and consequently no Wisconsin court has addressed them. Thus, petitioner did not give the state court a fair opportunity to review these claims and therefore has failed to exhaust them. Further, it appears that petitioner may still be able to raise at least some of these unexhausted claims in state court. For example, petitioner raises ineffective assistance of appellate counsel claims, and he may be able to raise these claims in state court via a *Knight* petition, challenging appellate counsel's effectiveness, or via a post-conviction motion or habeas petition in the trial court, challenging post-conviction counsel's effectiveness. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675 (Ct. App. 1996) (explaining the difference between post-conviction counsel and appellate counsel and the proper state court procedures for challenging their performance).

However, plaintiff has exhausted his ineffective assistance of counsel claim for failure to elicit and argue inconsistencies in the victim's statements because this claim was raised at all three levels of petitioner's direct appeal. Because petitioner brings both exhausted and unexhausted claims, I conclude that his petition is a "mixed" petition. I cannot adjudicate a mixed petition, *see Rhines v. Weber*, 544 U.S. 269, 274–75 (2005),

3

and thus petitioner has a choice to make. One option is to withdraw the eleven unexhausted claims, in which case the petition would no longer be mixed because it would contain only one exhausted claim, i.e. petitioner's ineffective assistance of trial counsel claim for failure to elicit and argue inconsistencies in the victim's statements. This option would allow petitioner to move forward immediately with his petition, although by selecting this option he would possibly forfeit federal review of his eleven unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 520–21 (1982). Petitioner's other option is to request that I stay this case and hold the petition in abeyance while he exhausts his unexhausted claims. Once the state-court proceedings (including any appeals) have concluded, petitioner may return to this court and receive federal review of all of his claims at one time.[3] The latter choice preserves federal review of all of petitioner's claims, although it also results in some delay in adjudication of the exhausted ineffective assistance of counsel claim. If petitioner chooses the latter option, he must also show good cause for the stay. *Rhines*, 544 U.S. at 277. This requires him to show that: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are potentially meritorious, and (3) the petitioner did not engage in intentionally dilatory litigation tactics. *Id.* at 277–78.

Accordingly, petitioner must notify me within 30 days of the date of this order whether his choice is to withdraw his eleven unexhausted claims and proceed with his

---

[3] Petitioner should keep in mind that I may only review claims on which he has not procedurally defaulted. *Bolton*, 730 F.3d at 696 ("Procedural default generally precludes a federal court from reaching the merits of a habeas claim when the claim was not presented to the state courts and it is clear that the state courts would now find the claim procedurally barred."). If he chooses to return to state court in an attempt to exhaust his unexhausted claims and the state court concludes that any of petitioner's claims are procedurally barred, I may not review that claim unless petitioner shows good cause for the procedural default. *Id.*

ineffective assistance of trial counsel claim or to request a stay and abeyance so that he may attempt to exhaust his unexhausted claims in state court.

Petitioner has also filed two motions titled "motions to challenge the sufficiency of the evidence" in which he re-hashes his arguments in support of several of his unexhausted claims and requests that I invalidate his conviction. Because these claims are unexhausted and I cannot address them on the merits, and because these motions are duplicative of the habeas petition, I will deny them.

**THEREFORE, IT IS ORDERED** that petitioner must notify the court within **30 days** of the date of this order whether his choice is to withdraw his unexhausted claims or to request a stay and abeyance.

**IT IS FURTHER ORDERED** that petitioner's motions to challenge the sufficiency of the evidence (ECF Nos. 20, 23) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge